## WILLIE RANDLE v. THE STATE.

No. 20210.   Delivered February 22, 1939.

The opinion states the case.

*John M. Mathis, Jr.,* of Brenham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for theft of cattle, punishment assessed at two years in the penitentiary.

Appellant waived a jury under the formalities required in Articles 10a and 12 C. C. P. as amended in 1931, 42d Leg., page 65, and entered his plea of guilty before the court. Appellant had filed application for a suspended sentence. The evidence in the record shows appellant's guilt beyond question.

The only complaint presented by appellant is that the court declined to grant a suspended sentence. This was a matter purely discretionary with the court just as it would have been with the jury if the trial or plea of guilty had been before the jury.

It is suggested in appellant's brief that the court had some preconceived idea that a suspended sentence should not be awarded in any cattle theft case and that neither appellant nor his counsel was aware of this until after the court pronounced sentence against appellant. This court can not take cognizance of such complaint where it is attempted to be raised in a brief filed in this court. If appellant felt aggrieved he should have raised the question in some way in the court below and brought the matter here for review. There is no showing of a proper sort that the trial court had any such predilections as are attributed to him by the statements found in the brief.

The judgment is affirmed.